**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5089**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TUWANA WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Spartanburg.  Henry M. Herlong, Jr., Senior
District Judge.  (7:08-cr-00211-HMH-7)

Submitted:  January 8, 2010          Decided:  February 16, 2010

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jessica Salvini, Greenville, South Carolina, for Appellant.
David Calhoun Stephens, Assistant United States Attorney,
Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tuwana Williams pled guilty to one count of conspiracy to utter counterfeit securities, 18 U.S.C. § 371 (2006), and was sentenced to fifteen months imprisonment. Williams appeals. Her attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which she asserts that there are no meritorious issues for appeal but questions whether the district court erred in holding Williams responsible for the total loss and number of victims attributable to the entire conspiracy and whether the court erred in refusing to impose a below-Guidelines sentence. For the reasons that follow, we affirm.

The Guidelines provide that a defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity." U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(B) (2007). Williams admitted that she introduced other individuals to the counterfeit check-cashing scheme and that she was aware of the other participants. Accordingly, the district court did not clearly err in attributing to her the total loss and number of victims associated with the underlying conspiracy. See United States v. Osborne, 514 F.3d 377, 387 (4th Cir. 2008) (providing standard).

Next, counsel questions whether the court erred in denying Williams' request for a below-Guidelines sentence. We

review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. After determining whether the district court properly calculated the defendant's advisory Guidelines range, this court must then consider whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 49-50; see United States v. Rita, 551 U.S. 338, 346-47 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009). Finally, we review the substantive reasonableness of the sentence, "taking into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted). This court applies a presumption of correctness to a sentence within the properly-calculated Guidelines range. Rita, 551 U.S. at 346-47.

Here, the district court correctly calculated Williams' Guidelines range and, after hearing her arguments for a below-Guidelines sentence, imposed a within-Guidelines sentence of fifteen months. We find that the district court's explanation was sufficient to show that the court conducted the

3

sort of individualized sentencing analysis required under Gall and Carter. Moreover, Williams has failed to rebut the presumption of reasonableness accorded her within-Guidelines sentence. Therefore, we find that Williams' sentence is reasonable.

Williams has also filed a supplemental pro se brief in which she asks this court to grant a sentence reduction and allow her to complete the remainder of her sentence on house arrest. However, Williams may only seek this relief by first filing in the district court a motion for modification of sentence pursuant to 18 U.S.C. § 3582(c)(3) (2006).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform the client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED